## IN RE: ESTATE OF SHIRLEY K. LIPSON, Deceased

### Case No. 85-1330 (03)

Eleventh Judicial Circuit, Probate Division, Dade County

June 27, 1985

### APPEARANCES OF COUNSEL

**Robert W. Goldman, Smith & Mandler, P.A.,** for personal representatives.

### OPINION OF THE COURT

FRANCIS J. CHRISTIE, Circuit Judge.

This cause came on to be heard on the Petition for Construction of Will filed by Celena C. Slotnick and Southeast Bank, N.A., as Personal Representatives of the Estate of Shirley K. Lipson. The petition was properly served by formal notice on all persons having an interest in this proceeding. Proof of formal notice has been filed with the Court. The Court, having reviewed the Petition for Construction of Will, having heard argument of counsel, having reviewed the salient provisions of the Decedent's Last Will, and having heard no objection from any person interested in this proceedings, it is

ORDERED AND ADJUDGED as follows:

Article III, Paragraph B., of the Decedent's Last Will states as follows:

In the event any of my said grandnephews or grandnieces shall marry, the trustee shall distribute the sum of $10,000.00 to such beneficiary. Notwithstanding the foregoing, if any of the residuary trust beneficiaries shall marry a person not of the Jewish faith, such beneficiaries benefits shall cease including the gifts stated in this paragraph, but excluding any medical needs on behalf of such beneficiary.

The Personal Representatives raise three arguments regarding the above-quoted provision of the Decedent's will: First, that the provision is void as against public policy; second, that the provision is void due to its uncertainty or indefiniteness; and third, that at the very least the above-quoted provision is impossible for one of the beneficiaries, Gary Kenigsberg, to perform.

The Court need not reach the first or third arguments, since it finds that Article III, Paragraph B., of the Decedent's Last Will is void due to the indefiniteness and uncertainty of its terms. Indeed, what does it mean to marry a "person not of the Jewish faith"? The issue of whether a person holds a particular belief and really believes it is not a matter that a Court can ascertain with certainty, and no guidelines have been set up in this particular Will provision to assist the Court. The issue of faith is one of the conscience and is a matter of personal belief. If the phrase "of the Jewish faith" means of Jewish race or dissent, what degree of Hebraic blood is permissible under the clause? The will does not provide us with an answer.

The trustees of the residuary trust, who are responsible for administering Article III, B., would be faced with the very same questions raised above after the residuary trust is funded, and they have no better means of ascertaining whether a person is or is not "of the Jewish faith" than the Court.

Because of the uncertainty and indefiniteness contained in Article III, Section B., the following portion of that provision is void and the beneficiaries of the residuary trust of Shirley K. Lipson as well as the trustees under the residuary trust are excused from complying with it:

Notwithstanding the foregoing, if any of the residuary trust beneficiaries shall marry a person not of the Jewish faith, such beneficiaries benefits shall cease including the gifts stated in this paragraph, but excluding any medical needs on behalf of such beneficiary.